IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

TERRY LEE JOBE, §
 §
    Petitioner, §
 §
v. § 2:10-CV-170
 §
RICK THALER, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
 §
    Respondent. §

# **REPORT AND RECOMMENDATION TO**
# **DENY PETITION FOR WRIT OF HABEAS CORPUS**

On July 10, 2010,[1] petitioner, a state prisoner confined in the Eastham Unit in Houston County, Texas, filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. For the reasons detailed below, the undersigned United States Magistrate Judge recommends the petition be DENIED.

## I.
## PROCEDURAL HISTORY

A review of the Offender Information Detail online database maintained by the Texas Department of Criminal Justice and the habeas corpus petition indicates petitioner is confined pursuant to one conviction for aggravated sexual assault of a child and two convictions for indecency with a child, all three of which occurred in May 1999. In the instant pleading, petitioner challenges the conviction for aggravated sexual assault of a child, which was handed down in cause number 43,912 in the 251st

---

[1]Even though the petition was received and file marked by this Court on July 16, 2010, petitioner's petition is deemed filed on July 10, 2010, which is the date he delivered the petition to prison officials for mailing to the Court. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

District Court of Potter County, Texas. On October 1, 2007, petitioner pled guilty to all three charges and received an eight-year term of deferred adjudication community supervision for all three convictions. On June 24, 2008, petitioner's community supervision was revoked and the trial court imposed a sentence of ninety-nine years' confinement on the sexual assault conviction to run consecutive to two, concurrent, twenty-year sentences handed down in each of the indecency convictions.

Petitioner did not appeal the 2007 guilty plea and order deferring adjudication. He did, however, appeal the 2008 revocation of deferred adjudication. On February 26, 2009, the intermediate state appellate court affirmed the judgment and sentence. *See Jobe v. State*, Nos. 07-08-275-CR, 07-08-276-CR, 2009 WL 484245 (Tex. App.—Amarillo Feb. 26, 2009, no pet.). Even though the Texas Court of Criminal Appeals granted petitioner's motion for a time extension to file a petition for discretionary review, petitioner ultimately did not file such a petition. On May 17, 2010, petitioner filed two state applications for habeas corpus relief. *See In re Jobe*, WR-74,197-01, -02. While his state applications were pending, petitioner filed with this Court a "protective" habeas corpus petition along with a motion to stay and abate the case.[2] This Court granted the motion and stayed the federal habeas corpus proceedings on October 18, 2010. The state habeas corpus application was denied without written order on the trial court's findings, without a hearing, on December 8, 2010. The Court, at that point, reopened this case and case number 2:10-CV-171.

II.
PETITIONER'S ALLEGATIONS

In his petition, petitioner appears to contend the State of Texas is holding him in violation of the Constitution and laws of the United States for the following reasons:

---

[2]Petitioner simultaneously filed a virtually identical petition and motion is cause number 2:10-CV-171, which challenges the two convictions for indecency with a child.

1. Petitioner received ineffective assistance of counsel during the deferred adjudication proceedings.

2. Petitioner received ineffective assistance of counsel during the revocation proceedings.

III.
DEFERRED ADJUDICATION PROCEEDINGS

A. *Time Limitations*

Petitioner has filed his section 2254 petition after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). His claim is therefore governed by the AEDPA's provisions. *See Fisher v. Johnson,* 174 F.3d 710, 711 (5th Cir. 1999). The pertinent provision of that statute states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1).

B. *The Time Line in Petitioner's Case*

In this case, because petitioner was placed on deferred adjudication, which was later revoked, he has two separate AEDPA limitations dates—one starting when he was first placed on deferred adjudication community supervision and the other starting when the deferred adjudication was revoked. *See Caldwell v. Dretke*, 429 F.3d 521, 526-27 (5th Cir. 2005). Petitioner received deferred adjudication on October 1, 2007. Because he did not appeal the order deferring adjudication, the judgment on deferred adjudication became final for AEDPA purposes thirty days after its entry, which was October 31, 2007. *See* Tex. R. App. P. 26.2(a)(1). Under the AEDPA, petitioner had one year from October 31,

2007 to raise any complaints regarding problems that arose during the deferred adjudication proceedings. *See* 28 U.S.C. § 2244(d)(1). The AEDPA deadline for filing a federal habeas corpus petition regarding issues arising during the 2007 proceedings was October 31, 2008. *See id.* Petitioner did not file his federal habeas corpus petition until July 10, 2010, which was over one year after the expiration of the AEDPA deadline. Petitioner's May 17, 2010 state habeas corpus application was likewise filed after the expiration of the AEDPA deadline and therefore did not toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2). Petitioner has presented nothing indicating a provision other than section 2244(d)(1)(A) is applicable to his case, nor does equitable tolling appear to be warranted. *See* 28 U.S.C. § 2244; *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). Therefore, petitioner's first claim, which relates to issues of counsel's representation during the initial guilty plea and imposition of deferred adjudication in 2007 is barred by limitations. *See* 28 U.S.C. § 2244(d).

## IV.
## REVOCATION PROCEEDINGS

In his second point of error, petitioner complains of the representation he received during the revocation proceedings. Specifically, petitioner contends his attorney advised him against accepting the State's offer upon revocation of deferred adjudication, which was for ten years' confinement on the sexual assault conviction and eight years' confinement on both indecency convictions, all to run concurrently. According to petitioner, counsel advised petitioner to reject the plea offer because he could get petitioner returned to community supervision without spending any time in prison. Petitioner says he rejected the State's offer based upon these representations from his attorney. Petitioner additionally contends counsel was ineffective because he failed to call petitioner's probation officer, who would have testified petitioner failed to meet the terms of his deferred adjudication community supervision because he was hospitalized.

### A. *Establishing Ineffective Assistance of Counsel*

The standard for judging a petitioner's contention he is entitled to relief on the ground his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the two-pronged *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial. *Id.* at 687, 104 S.Ct. at 2064. An attorney's performance was deficient if the attorney made errors so serious he or she was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.*, 104 S.Ct. at 2064. An attorney need not provide perfect representation. *Id.*, 104 S.Ct. at 2064. Rather, counsel's performance must not have fallen below the standards of reasonably competent representation as determined by the norms of the profession. *Id.*, 104 S.Ct. at 2064. A reviewing court's scrutiny of trial counsel's performance is highly differential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065.

Additionally, a petitioner must show counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial. *Id.* at 687, 104 S.Ct. at 2064. To prove prejudice, a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998).

This Court's review is restricted beyond the highly deferential *Strickland* standard, however. *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). A petitioner will not be successful on federal habeas corpus review simply by establishing deficient performance and prejudice. *Id.* Rather, the

question this Court must answer is whether there is any reasonable argument the State court could have relied upon in determining the *Strickland* standards were met. *Id.* If such an argument does exists, a petitioner's ineffective assistance of counsel claim on federal habeas corpus review will fail. *Id.*

B. *Ineffective Assistance of Counsel During the Deferred Adjudication Proceedings*

1. Ineffective Assistance of Counsel and the Plea Bargain

Upon filing the state habeas corpus application, counsel during the revocation proceedings and the assistant district attorney filed affidavits with the trial court. The trial court based its findings upon these affidavits. *In re Jobe*, WR-74,197-01, State Habeas Corpus Record [hereinafter SHCR], "Findings of Fact and Conclusions of Law," filed Oct. 29, 2010, pg. 15. The Court of Criminal Appeals relied upon those findings in denying the state habeas corpus application. *Id.* at cover. Counsel states in his affidavit that the State's offer during the revocation proceedings, on the aggravated sexual assault of a child case, was for ten years' confinement. *Id.*, pg. 19. Counsel advised petitioner of the best and worst case scenarios should petitioner accept or decline the plea offer. *Id.* The attorney indicates he did not advise petitioner to take any particular action but rather advised him of the consequences of the various choices of action open to petitioner. *Id.* The decision was entirely up to petitioner. *Id.* According to his attorney, petitioner refused the plea offer because the motion to revoke was based on technical violations of the terms of deferred adjudication and because his illness would make it difficult for him to serve time in prison. *Id.*

The assistant district attorney (ADA) additionally filed an affidavit during the state habeas corpus proceedings. In that affidavit, the ADA indicates he extended a plea bargain offer for a ten-year sentence on the sexual assault conviction. *Id.*, pg. 23. The ADA further explains petitioner's

attorney declined the offer because petitioner did not want to serve any time in prison and considered himself a good candidate to remain on community supervision. *Id.*, pg. 24.

Based upon these affidavits, the trial court found,

> [Counsel] informed [Jobe] of the State's plea bargain offer. The Court further finds that [counsel] never advised [Jobe] to decline the State's plea bargain offer because he could get [Jobe] placed back on community supervision with some additional conditions. The Court finds that [Jobe] rejected and refused to accept the State's plea bargain offer on his own volition and made the decision to plead true to the allegations in the Motions To Proceed With Adjudication of Guilt in the hopes that this Court would continue him to community supervision.

(*Id.*, pgs. 16-17). Consequently, the trial court concluded counsel's performance was not deficient.

Petitioner has failed to show this determination by the State habeas court was unreasonable. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The presumption this Court must give to counsel is that his performance fell within the range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. Counsel's affidavit, in which he stated he advised petitioner of the outcomes of the various courses of action petitioner could, himself, choose to take, supports this presumption. The only evidence upon which petitioner relies in support of this ground of error is his own statement indicating counsel told him to reject the State's plea bargain offer because counsel could get the trial court to release petitioner on community supervision. Petitioner's statements alone provide an insufficient basis upon which federal habeas corpus relief may be granted. *See Ross v. Estelle*, 964 F.2d 1008, 1011 (5th Cir. 1983) (holding "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value"). In any event, those statements are belied by Petitioner's testimony at the revocation hearing:

| | | |
|---|---|---|
| Q. | | And in regard to methamphetamine . . . You know that was a foolish thing to do? |
| A. | | Yes, sir. Yes, sir. |
| Q. | | And did you understand it could get you revoked and sent you to prison for life? |
| A. | | Yes, sir. |

(*State v. Jobe*, Nos. 43,912, 43,913, "Hearing Held on June 6, 2008," 251st District Court, Potter County, Texas [hereinafter Revocation Hearing], pg. 19). Thus, petitioner's testimony indicates he understood he could be sent to prison for life if his deferred adjudication was revoked.

Moreover, the State court heard the statements of both petitioner and counsel. As is apparent from that court's findings, the court accepted counsel's statements and rejected petitioner's statements. This Court must presume those findings are correct. *See Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) (establishing a presumption of correctness applies to both explicit and unarticulated findings which are necessary to the State court's conclusions of mixed law and fact). Both the evidence and the presumption to which this Court and the State court are held indicate petitioner's counsel was not deficient. There is a reasonable argument the State court could have relied upon in determining counsel's performance was not deficient. *See Harrington*, 131 S.Ct. at 788.

2. <u>Ineffective Assistance of Counsel for Failure to Call a Witness</u>

Petitioner additionally contends counsel was ineffective because he failed to call petitioner's probation officer, who would have testified petitioner failed to meet the terms of deferred adjudication community supervision because he was sick and hospitalized. The record indicates both petitioner and his then-current probation officer testified at the revocation hearing. (Revocation

HAB54\R&R\Jobe-170.deny: 3

8 of 12

Hearing, pgs. 7, 35). Petitioner testified he failed to meet the terms of his community supervision because he was sick and hospitalized. (*Id*., pgs. 11-13, 16).

Petitioner's first probation officer was no longer employed with the probation office at the time of the hearing, but the second probation officer, who testified at the hearing, had read the first officer's notes on all communications with petitioner. (*Id.*). Beginning in October 2007, petitioner was required, as part of his community supervision, to attend sex offender treatment and not commit any crime. The officer testified petitioner had admitted to using methamphetamine in December 2007, at which time the probation officer placed petitioner in a Substance Abuse Treatment Program (SATP). (*Id.*, pg. 38). Petitioner did not consistently attend and participate in the sex offender or SATP activities required for his community supervision. (*Id.*, pg. 40). In mid-January of 2008, petitioner contacted his probation officer to inform her he was sick and would be hospitalized for a period of time. (*Id.*, pg. 41). The probation officer excused his absences from community supervision activities if he was hospitalized. (*Id.*, pg. 41). Petitioner, however, never started the required community supervision activities again after his release from the hospital. (*Id.*, pg. 43). According to the probation officer, petitioner never demonstrated any effort to comply with any of the terms of his community supervision. (*Id*., pg. 44). The notes from the first probation officer were,

> [Petitioner] has yet to attend group. He is using drugs, moving into child safety zones, getting tickets, not keeping up with community service and staying at a place where criminals [sic] are being committed. [Petitioner] has a long history with drugs. CSO does not believe he has only used one time since being placed on probation.

(*Id.*, pg. 49). Petitioner additionally admitted he had left Potter and Randall county, without permission and in violation of his community supervision. (*Id.*, pg. 26). While he was out of the counties to which he was confined, petitioner was arrested with drug paraphernalia in the pocket of

the coat he was wearing, although petitioner stated the coat was not his. (*Id.*, pg. 25). Petitioner was terminated from SATP and the sex offender program due to non-attendance. (*Id.*, pgs. 42-43).

Petitioner has failed to prove counsel's performance in this area was ineffective. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Because petitioner's second probation officer did, in fact, testify, the Court assumes petitioner's claim to be to challenge his attorney's failure to call the first probation officer to testify. Petitioner has not shown the first officer was available and willing to testify and that the officer's testimony would have been favorable. *See Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). In fact, the portions of the first officer's report read into evidence indicate the officer's testimony would likely not have been favorable to petitioner. In the absence of evidence establishing exactly what the first officer's testimony would have been, there is no basis for a conclusion counsel was deficient for failing to call that officer.

Additionally, petitioner has not shown prejudice. Both petitioner and the second probation officer testified that some of petitioner's absences from the community supervision programs were excused due to petitioner's illness and hospitalization. The evidence petitioner contends the first probation officer would have given, i.e., that petitioner missed some counseling sessions because he was hospitalized, had already been established by petitioner and the second probation officer. Petitioner has not shown how the result of the proceeding would have been different had the first probation officer also testified. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Creel*, 162 F.3d at 395. Additionally, petitioner omits from his argument the fact that the evidence at the revocation hearing established petitioner had failed to comply with several conditions of his community supervision, which were unrelated to the treatment of his illness, both before and after his hospitalization. Even if the first probation officer testified she had excused him from attendance at

counseling sessions due to illness in January and February 2008, petitioner has not shown the trial court's ruling would have differed because there were other violations from October 2007 to January 2008 and after petitioner was released from the hospital in February 2008. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Creel*, 162 F.3d at 395. Petitioner has failed to show either deficient performance or prejudice. The State court's determination to reject this argument was reasonable. *See Harrington*, 131 S.Ct. at 788. Petitioner's second ground of error is without merit.[3]

V.
RECOMMENDATION

Petitioner is time barred from asserting the first claim in the instant petition. His second claim is without merit. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner TERRY LEE JOBE be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of June, 2011.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[3] In his reply to the respondent's answer, petitioner contends the State court ignored the merits of his state habeas corpus application, which were supported by the affidavits of petitioner's father and one of petitioner's friends. First, the Supreme Court has bound this Court to the presumption that the Court of Criminal Appeals fairly evaluated all issues presented in petitioner's state habeas corpus application in making its ruling. *See Harrington*, 131 S.Ct. at 788. Additionally, the affidavits filed with the state application both dealt solely with the representation petitioner received during the 2007 deferred adjudication proceedings. For reasons discussed in section III, this Court is statutorily prohibited from considering the merits of those claims. *See* 28 U.S.C. § 2244(d).

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).